UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

ARGENTTO SYSTEMS, INC., and
NICK SANTINO,

                   Plaintiffs,               10 Civ. 8174

   -against-                        OPINION

SUBIN ASSOCIATES, LLP,

                   Defendants.

------------------------------------X

A P P E A R A N C E S:

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6-24-11

      Attorney for Plaintiffs

      THOMAS M. LANCIA PLLC
      22 Cortlandt Street, 16th Floor
      New York, NY  10007
      By:  Thomas M. Lancia, Esq.

      Attorney for Defendants

      SMITH VALLIERE, PLLC
      75 Rockefeller Plaza, 21st Floor
      New York, NY  10019
      By:  Mark W. Smith, Esq.

**Sweet, D. J.**

The defendant Subin Associates, LLP ("Subin" or the "Defendant") has moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss the complaint of Argentto Systems, Inc. and Nick Santino ("Argentto" or the "Plaintiffs").  Plaintiffs have cross-moved for leave to file a Proposed First Amended Complaint.  As set forth below, both motions are granted.

**Prior Proceedings**

The Plaintiffs filed their complaint on October 28, 2010 alleging copyright violations and state law claims of misappropriation of confidential business information, breach of contract and unjust enrichment.

According to the Complaint, in or around 2000 Nick Santino ("Santino" or the "Individual Plaintiff") met Herbert Subin, the name partner of Subin, which is a New York City personal injury law firm.  (Compl. ¶ 20.)  Santino and Subin discussed developing a case management system, which also would link to Subin's accounting database.  Subin agreed to work with Santino.  (Compl. ¶ 20-21.)

1

After meeting with Subin in 2000, Plaintiffs began programming the customized legal case management software at issue over approximately a nine month period.  (Compl. ¶ 22.) At that time, Plaintiff, which was founded in 2001, did not exist, and Santino initially provided services to Subin through PE Services.  (Compl. ¶¶ 8, 20.)  The Plaintiffs completed their work on the customized software over a nine month period. (Compl. ¶ 22.)  By late 2001 or early 2002, the customized software was operational.  (Compl. ¶ 22.)  Shortly after receiving the completed operational customized software, Subin decided to no longer use Plaintiffs' services.  (Compl. ¶ 23.)

In 2008 Plaintiffs learned of the continued use of the software.  (Compl. ¶ 24.)  Plaintiffs have not alleged that they told Subin to stop using the customized software, that they demanded the return of the software, or that they terminated any purported license agreement.  For more than eight years, Plaintiffs never sent an invoice to Subin for its use of the software.

Only the Plaintiffs' own authorized programmers had access to the passwords source code or object code, which was

2

protected by a guard dog.  (Compl. ¶¶ 17-18.)  Subin paid

Plaintiffs for their work on the software (Compl. ¶ 26.)

Plaintiffs assert that they had assumed Subin had stopped using

the software in 2002.  (Compl. ¶ 23).

     The Complaint contains certain terms and conditions of

a purported license agreement and excerpts from an End User

Agreement, which it states were included with every invoice

Plaintiffs sent to Subin (Compl. ¶26-27), but does not allege

that Subin agreed to such terms or that Subin saw such terms and

conditions or the End User Agreement.  (Compl. ¶ 26-27).

Plaintiffs allege that Subin misappropriated the software

(Compl. ¶ 41), reverse-engineered it (Compl. ¶ 28), and/or

disclosed it to third parties.  (Compl. ¶ 54.)

     Plaintiffs registered with the federal Copyright

Office in March 2009.  In 2008, Plaintiffs discussed working

with Subin to upgrade the nearly ten-year-old customized

software program.  (Compl. ¶ 25.)  Only after Subin declined to

work with Plaintiffs did Plaintiffs invoice Subin for a license

fee for the use of the software.  (Compl. ¶ 25.)  This invoice

covered usage in 2009 and 2010 at the annual license fee rate of

$1,200.  (Compl. ¶ 25.)

3

Plaintiffs allege copyright infringement and state law claims of misappropriation of confidential business information, breach of contract and unjust enrichment arising out of Subin's use of the customized software.  (Compl. ¶¶ 19-58).

The instant motion and cross-motion were heard on February 2, 2011.

**The Rule 12(b) Standard**

In considering a motion to dismiss pursuant to Rule 12(b)(6), the Court construes the complaint liberally, "accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002) (citing Gregory v. Daly, 243 F.3d 687, 691 (2d Cir. 2001)). Though the court must accept the factual allegations of a complaint as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, --- U.S. ---, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To survive dismissal, "a complaint must contain sufficient factual matter,

4

accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 570).  In other words, Plaintiff must allege sufficient facts to "nudge[] their claims across the line from conceivable to plausible." Twombly, 550 U.S. at 570.

**The Copyright Claim Is Dismissed**

In order to properly seek statutory damages and attorney fees, the plaintiff must have registered its copyright prior to the infringement.  See 17 U.S.C. § 412; Knitwaves, Inc. v. Lollytogs Ltd. (Inc.), 71 F.3d 996, 1012 (2d Cir. 1995) (denying attorneys fees for copyright infringement claim where registration occurred after infringing activities and noting that 17 U.S.C. § 412 would also preclude statutory damages); Ez-Tixz, Inc. v. Hit-Tix, Inc., 919 F. Supp. 728, 735-36 (S.D.N.Y. 1996) (dismissing statutory damages and attorney fees claims where plaintiff's own complaint alleges infringement prior to registration and pleadings requested such award).  Where the alleged infringement begins before registration and continues after registration, statutory damages and attorney fees are still unavailable.  Ez-Tixz, 919 F. Supp. at 736 ("The alleged acts of infringement that occurred after the copyright was

registered do not constitute new acts of infringement but a continuation of the infringement that 'commenced' prior to registration.") (citing <u>Singh v. Famous Overseas</u>, 680 F. Supp. 533, 535-36 (E.D.N.Y. 1988)); see also <u>U2 Home Entm't, Inc. v. Hong Wei Int'l Trading, Inc.</u>, 04 Civ. 6289, 2008 U.S. Dist. LEXIS 64297, at *44-51 (S.D.N.Y. Aug. 21, 2008) (court reached same conclusion even where substantial period lapsed between initial incident of pre-registration infringement and post-registration resumption of infringement).

Here, Plaintiffs allege that the purported infringement of the software began before the registration of the software.  (Compl. ¶ 24 (alleged infringing use occurred in 2008 and during the preceding seven years); Compl. ¶ 13 and Copyright Registration annexed to Complaint (copyright registration effective March 13, 2009).)  Plaintiffs contend that it is premature to decide the issue because they have an election of remedies.  However, Plaintiffs cannot obtain statutory damages because the alleged infringement unquestionably began before the copyright registration of the work at issue.  There is nothing "premature" about deciding this issue on a Rule 12(b)(6) motion to dismiss.  See <u>Irwin</u>, 04 Civ. 8027, 2006 U.S. Dist. LEXIS 6156, at *19-20, *47-48.

Because the alleged infringement began before the
effective date of the copyright registration of the software at
issue, the motion to dismiss Plaintiffs' claims for statutory
damages and attorney fees is granted.

## The State Law Claims Are Dismissed Without Prejudice

The failure of the copyright claims deprives the Court
of original jurisdiction, and given the early stage of this
litigation, denial of supplemental jurisdiction is appropriate,
pursuant to 28 U.S.C. § 1367(c)(3).  The period of limitations
for any claim asserted against the remaining defendant shall be
tolled for a period of 30 days after the issuance of this order,
unless state law provides for a longer tolling period.  28
U.S.C. § 1367(d).

## Leave To File First Amended Complaint Is Granted

Rule 15(a)(2) states that "a party may amend its
pleading only with the opposing party's written consent or the
court's leave.  The court should freely give leave when justice
so requires."  Fed. R. Civ. Pro. 15(a)(2).  The United States

7

Supreme Court, the Second Circuit and this Court have adhered to this liberal standard in granting requests to amend, especially where, as here, an answer has not been filed and discovery has not commenced.  See AIU Insurance Co. v. Mitsui O.S.K. Lines, Ltd., 897 F. Supp. 724, 726 (S.D.N.Y. 1995); State Teachers Retirement Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1984).

Indeed, in response to a 12(b)(6) motion to dismiss in copyright actions, this Court has repeatedly given leave to amend the complaint alleging copyright infringement and supplemental claims where the original claims were dismissed. See e.g., Ipreo Holdings LLC v. Thomson Reuters Corp, No. 09 Civ. 8099, 2011 WL 855872, at *8(S.D.N.Y. March 8, 2011); Irwin, 04 Civ. 8027, 2006 U.S. Dist. LEXIS 6156, at *19-20, *47-48.

It is so ordered.

New York, NY

June 2-2, 2011

ROBERT W. SWEET

U.S.D.J.

8